IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| KENNETH LAMBERT, Independent Administrator on behalf of the Estate of JOHN LAMBERT, ) ) ) ) | |
| Plaintiff, ) | FILED: JUNE 24, 2008 |
| v. ) | 08CV3613 |
| ) | JUDGE MORAN |
| DAVID JAMISON ) C/O JOSHUA SEALS #8913, ) C/O KAHILIA CARTER #8928, ) No. C/SGT. MARGARET STUMPF #273, ) TC COOK COUNTY SHERIFF THOMAS DART, ) SUCCESSOR TO SHERIFF MICHAEL ) SHEAHAN AND ) UNKNOWN PERSONNEL, SUPERVISORS, ) AND WARDENS ) ) | MAGISTRATE JUDGE VALDEZ |
| Defendants. ) | |

## COMPLAINT

**Jurisdiction**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983, 1988, 1331(3); the Constitution of the United States; pendant jurisdiction, as provided under U.S.C § 1367(a); and Plaintiff as Independent Representative of the Estate of John Lambert seeks redress for the deprivation, under color of law, of the rights of his son, John Lambert, secured to him by the Constitution and Statutes of the United States.

2.      JOHN LAMBERT, at all times pertinent hereto was a pre-trial detainee at the Cook County Department of Corrections (hereinafter referred to as "CCDOC") in Chicago, Cook County, Illinois.

3.      Defendants, SEALS, CARTER, STUMPF, and UNKNOWN PERSONNEL, SUPERVISORS, AND WARDENS at all times pertinent hereto were Department of Corrections employees, employed by Cook County, Office of Cook County Sheriff. At all relevant times, the aforementioned Defendants were acting under color of law and in the scope of their employment in all actions attributed to hereafter.

4.      Defendant, DART is the current Sheriff of Cook County, the immediate successor to Defendant, SHEAHAN. The Sheriff of Cook County is the elected official charged

with responsibility for the supervision and oversight of the Cook County Department of Corrections. At all times pertinent hereto, Defendant SHEAHAN was the Sheriff of Cook County.

5. John Lambert was held in pre-trial custody in the Cook County Department of Corrections on Violation of Probation, Misdemeanor, and drug charges, at all times pertinent hereto.

6. Cook County Department of Corrections Inmate Vernon Thompson reports that at sometime after "being locked up for the night" he heard an argument in the cell located next to him. Inmate Thompson stated that he knew the occupants in the next cell to be John Lambert and David Jamison.

7. Cook County Department of Corrections Inmate Elmo Eldridge reports that inmate "Vernon" stated to him at 9:30 pm on June 25, 2007, "that man about beat that boy to death."

8. Cook County Department of Corrections Inmate William Dukes, a Caucasian, reports that he had been David Jamison's, an African American, cellmate for a month and a half approximately two months ago. Dukes went on to report that he and Jamison had fought previously.

9. Cook County Department of Corrections Inmate Francisco Moreno reports "Cell mate Jamison very violent towards ex cell mate and white people."

10. Cook County Department of Corrections Inmate Donzell Thomas reports Jamison "has a history of conflicts with all inmates housed in his (Jamison's) cell. To Thomas' knowledge, all inmates Jamison has been housed with have been Caucasian."

11. Cook County Correctional Officers are mandated by Illinois Jail Standards to make regular inspections of cells and inmates, so that injured or sick inmates are provided medical treatment in a timely manner.

12. On June 26, 2007, at approximately 3:10 am John Lambert was discovered by Defendants, CARTER and SEALS, lying unresponsive on the floor of his locked cell.

13. Also present in the locked cell was John Lambert's cellmate, David Jamison.

14. Cook County Department of Corrections Paramedics never responded to treat John Lambert.

15. Chicago Fire Department Paramedics eventually transported John Lambert to St. Anthony's Hospital at 4:37 am.

16. At St. Anthony's Hospital, John Lambert "was treated for head trauma with a possible skull fracture and was considered to be in critical condition."

17.     John Lambert was "transferred to Stroger Hospital at approximately 0700 hours."

18.     At Stroger Hospital John Lambert underwent surgery for a "large epidural hematoma with a fracture to release pressure causing bleeding on the brain."

19.     John Lambert died from his injuries on July 8, 2007.

20.     The Medical Examiner of Cook County conducted an autopsy on the remains of John Lambert on July 10, 2007 and found that the "Manner of Death" was "Homicide."

21.     No one has been charged by the Cook County State's Attorney for the homicide of John Lambert.

22.     As a direct and proximate result of the Defendants, JAMISON, SEALS, CARTER, STUMPF, UNKNOWN PERSONNEL, SUPERVISORS, WARDENS, AS WELL AS SHERIFFS DART AND SHEAHAN, collectively and individually, John Lambert, suffered a skull fracture, bleeding to his brain, and other injuries that resulted in severe brain damage and death.

23.     As a direct and proximate result of the Defendants, SEALS, CARTER, STUMPF, UNKNOWN PERSONNEL, SUPERVISORS, WARDENS, AS WELL AS SHERIFFS DART AND SHEAHAN, collectively and individually, John Lambert was locked in a cell with a violent and habitual inmate who was notorious for disliking Caucasians.

24.     As a direct and proximate result of the Defendants, SEALS, CARTER, STUMPF, UNKNOWN PERSONNEL, SUPERVISORS, WARDENS, AS WELL AS SHERIFFS DART AND SHEAHAN, collectively and individually, John Lambert's injuries were not discovered until many hours after the fact, and resulted in severe brain damage and death.

25.     As a direct and proximate result of the Defendants, SEALS, CARTER, STUMPF, UNKNOWN PERSONNEL, SUPERVISORS, WARDENS, AS WELL AS SHERIFFS DART AND SHEAHAN, collectively and individually, John Lambert's injuries were not treated in a timely manner resulting in severe brain damage and death.

### COUNT I- Denial of Due Process
### (Victim of Violent Attack)

26.     Plaintiff re-alleges the previous allegations and facts.

27.     John Lambert, a pre-trial detainee housed in the Cook County Department of Corrections, an Illinois County Jail, has a fundamental Fifth Amendment Due Process right, incorporated to the State and local municipalities through the Fourteenth Amendment, to be protected from personal and emotional injury from other pre-trial detainees.

28.     Defendants SEALS, CARTER, STUMPF, UNKNOWN PERSONNEL, SUPERVISORS, WARDENS, AS WELL AS SHERIFFS DART AND SHEAHAN are employed by Cook County and had a duty, at all relevant times and dates, to give reasonable and adequate protection to John Lambert to ensure he was free from attacks on his person.

29.     Defendants SEALS, CARTER, STUMPF; and the UNKNOWN PERSONNEL, SUPERVISORS, AND WARDENS PERSONNEL took the actions described above with the subjective knowledge that John Lambert was in excessive risk, and they acted with deliberate indifference to his health and safety.  As a result of these actions, John Lambert was attacked by a detainee/cellmate, causing John Lambert serious injuries that caused his death.

        WHEREFORE, pursuant to 42 U.S.C.§ 1983, KENNETH LAMBERT, Independent Representative on behalf of the Estate of JOHN LAMBERT, demands compensatory and punitive damages against Defendants SEALS, CARTER, STUMPF, DART, SHEAHAN and any other individual eventually identified, plus costs of this action, attorney's fees and such other additional relief as this court deems equitable and just.

### COUNT II- Denial of Due Process
### (Placed in a Hazardous Environment)

30.     Plaintiff re-alleges the previous allegations and facts.

31.     John Lambert, a pre-trial detainee housed in the Cook County Department of Corrections, an Illinois County Jail, has a fundamental Fifth Amendment Due Process right, incorporated to the State and local municipalities through the Fourteenth Amendment, to be protected from personal and emotional injury from other pre-trial detainees.

32.     Defendants SEALS, CARTER, STUMPF; and UNKNOWN PERSONNEL are employed as Correctional Officers and Supervisors for the Cook County Department of Corrections and are charged with the duty, at all relevant times and dates, to directly give reasonable and adequate protection to John Lambert to ensure he was free from personal physical attack on his person.

33.     Defendants, UNKNOWN SUPERVISORS AND WARDENS, AS WELL AS SHERIFFS DART AND SHEAHAN DART, are employed by Cook County to oversee and supervise Correctional Officers, and to promulgate directives, guidelines and procedure that address issues related to the housing of a pretrial detainee in a cell with a notoriously violent inmate.

34.     Defendants SEALS, CARTER, STUMPF, UNKNOWN PERSONNEL, SUPERVISORS, WARDENS, AS WELL AS SHERIFFS DART AND SHEAHAN took

the actions described above with the subjective knowledge that John Lambert was in excessive risk, and they acted with deliberate indifference to his health and safety. As a result of these actions, John Lambert was attacked by his cell mate, causing John Lambert serious injuries that caused death.

WHEREFORE, pursuant to 42 U.S.C.§ 1983, KENNETH LAMBERT, Independent Representative on behalf of the Estate of JOHN LAMBERT, demands compensatory and punitive damages against Defendants SEALS, CARTER, STUMPF, DART, SHEAHAN and any other individual eventually identified plus costs of this action, attorney's fees and such other additional relief as this court deems equitable and just.

## COUNT III- Denial of Due Process
### (Denial of Medical Treatment)

35. Plaintiff re-alleges the previous allegations and facts.

36. John Lambert, a pre-trial detainee housed in the Cook County Department of Corrections, an Illinois County Jail, has a fundamental Fifth Amendment Due Process right, incorporated to the State and local municipalities through the Fourteenth Amendment, to be protected from personal and emotional injury from other pre-trial detainees, and to have reasonable medical treatment for his serious medical needs.

37. Defendants SEALS, CARTER, STUMPF; and UNKNOWN PERSONNEL are employed as Correctional Officers and Supervisors for the Cook County Department of Corrections and are charged with the duty, at all relevant times and dates, to give reasonable medical attention to John Lambert's serious medical needs.

38. Defendants, UNKNOWN SUPERVISORS AND WARDENS, AS WELL AS SHERIFFS DART AND SHEAHAN, are employed by Cook County to oversee and supervise Correctional Officers, and to promulgate directives, guidelines and procedure that address issues related to staffing and emergency medical attention.

39. Defendants SEALS, CARTER, STUMPF, UNKNOWN PERSONNEL, SUPERVISORS, WARDENS, AS WELL AS SHERIFFS DART AND SHEAHAN took the actions described above with the subjective knowledge that John Lambert was suffering from a serious medical emergency, yet they acted with deliberate indifference to John Lambert's serious medical needs.

WHEREFORE, pursuant to 42 U.S.C.§ 1983, KENNETH LAMBERT, Independent Representative on behalf of the Estate of JOHN LAMBERT demands compensatory and punitive damages against Defendants SEALS, CARTER, STUMPF, DART, SHEAHAN and any other individual eventually identified plus the costs of this action, attorney's fees and such other additional relief as this court deems equitable and just.

### Count IV – Wrongful Death

40.     Plaintiff re-alleges the previous allegations and facts.

41.     On June 25, 2007, Defendant JAMISON committed a battery upon John Lambert, whereby causing serious head and bodily injuries.

42.     As a direct and proximate result of the aforesaid acts of Defendants SEALS, CARTER, STUMPF, UNKNOWN PERSONNEL, SUPERVISORS, WARDENS, AS WELL AS SHERIFFS DART AND SHEAHAN, performed in a willful and wanton manner and with a conscious disregard for the safety of the Plaintiff; John Lambert suffered injuries that resulted in his death.

43.     John Lambert, left surviving him, his father, Kenneth Lambert, his mother, Susan Lambert, his brother Kenneth Lambert Jr. and his sisters, Kristen Lambert, Heather Brenka, and Jennifer Lambert, each of who has suffered and will suffer damages of a personal and pecuniary nature, including the loss of society of John Lambert.

44.     Kenneth Lambert, Independent Representative of the Estate of John Lambert, Deceased, brings this cause of action pursuant to the Illinois Wrongful Death Act, 750 ILCS 180/1 et seq.

        WHEREFORE, Plaintiff Kenneth Lambert, Independent Representative of the Estate of John Lambert, Deceased, prays that judgment be entered against the Defendant, DAVID JAMISON, for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000) and such other additional relief as this court deems equitable and just.

### Count V – Wrongful Death

45.     On June 25, 2007, Defendant JAMISON committed a battery upon John Lambert, whereby causing serious head and bodily injuries.

46.     As a direct and proximate result of the aforesaid intentional acts of Defendant JAMISON, John Lambert, suffered injuries that resulted in his death.

47.     John Lambert, left surviving him, his father, Kenneth Lambert, his mother, Susan Lambert, his brother Kenneth Lambert Jr. and his sisters, Kristen Lambert, Heather Brenka, and Jennifer Lambert, each of who has suffered and will suffer damages of a personal and pecuniary nature, including the loss of society of John Lambert.

48.     Kenneth Lambert, Independent Representative of the Estate of John Lambert, Deceased, brings this cause of action pursuant to the Illinois Wrongful Death Act, 750 ILCS 180/1 et seq.

WHEREFORE, Plaintiff Kenneth Lambert, Independent Representative of the Estate of John Lambert, Deceased, prays that judgment be entered against the Defendant, DAVID JAMISON, for an amount in excess of FIFTY THOUSAND DOLLARS, ($50,000) and such other additional relief as this court deems equitable and just.

**KENNETH LAMBERT, independent administrator on behalf of the Estate of JOHN LAMBERT DEMANDS a JURY TRIAL.**

    Respectfully Submitted,

    **/s/ Jeffrey C. Wilson**
    Jeffrey C. Wilson
    Attorney for Plaintiff

DIFRANCO & ASSOCIATES, P.C.
Attorney for Defendant
617 DEVON AVENUE
PARK RIDGE IL. 60068
(847) 825-7744
(847) 825-7746 (Fax)
jeff.wilson@FrankDiFrancoLaw.com
Attorney No.37593