FILED
JULY 1, 2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| KENNETH LAMBERT, Independent Administrator on behalf of the Estate of JOHN LAMBERT, <br><br> Plaintiff, <br> v. <br><br> COUNTY OF COOK, <br> DAVID JAMISON, <br> C/O JOSHUA SEALS #8913, <br> C/O KAHILIA CARTER #8928, <br> C/SGT. MARGARET STUMPF #273, <br> COOK COUNTY SHERIFF <br> THOMAS DART, <br><br> Defendants. | 08 C 3613 <br><br> Hon. Judge Leinenweber <br><br> Hon. Mag. Judge Valdez |

## FIRST AMENDED COMPLAINT

**Jurisdiction**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983, 1988, 1331(3); the Constitution of the United States; pendant jurisdiction, as provided under U.S.C § 1367(a); and Plaintiff as Independnant Representative of the Estate of John Lambert seeks redress for the deprivation, under color of law, of the rights of his son, John Lambert, secured to him by the Constitution and Statutes of the United States.

2.      John Lambert, at all times pertinent hereto was a pre-trial detainee at the Cook County Department of Corrections (hereinafter referred to as "CCDOC") in Chicago, Cook County, Illinois.

3.      Defendants Seals, Carter, and Stumpf (a supervisor also acting in her supervisory capacity) were at all times pertinent hereto Department of Corrections employees, employed by the Cook County Sheriff, then being Michael Sheahan, but is now Thomas Dart.  At all relevant times, the aforementioned Defendants were acting under color of law and in the scope of their employment in all actions attributed to hereafter.

4.      Defendant Dart is the current Sheriff of Cook County, and the legal successor Defendant to any actions taken while the office was occupied by Michael Sheahan.  to Michael Sheahan.

5.      John Lambert was held in custody as a pre-trial detainee in the Cook County Department of Corrections on charges of Violation of Probation, Misdemeanor, and drug charges.

6.      Cook County Department of Corrections Inmate Vernon Thompson reports that at sometime after "being locked up for the night" he heard an argument in the cell located next to him. Inmate Thompson stated that he knew the occupants in the next cell to be John Lambert and Defendant David Jamison.

7.      Cook County Department of Corrections Inmate Elmo Eldridge reports that inmate "Vernon" stated to him at 9:30 pm on June 25, 2007, "that man about beat that boy to death."

8.      Cook County Department of Corrections Inmate William Dukes, a Caucasian, reports that he had been David Jamison's, an African American, cellmate for a month and a half approximately two months ago. Dukes went on to report that he and Jamison had fought previously.

9.      Cook County Department of Corrections Inmate Francisco Moreno reports "Cell mate Jamison very violent towards ex cell mate and white people."

10.     Cook County Department of Corrections Inmate Donzell Thomas reports Jamison "has a history of conflicts with all inmates housed in his (Jamisons') cell. To Thomas' knowledge, all inmates Jamison has been housed with have been Caucasian."

11.     Cook County Correctional Officers are mandated by the Illinois Jail Standards, and by the Constitution of the United States, to make regular inspections of cells and inmates, so that injured or sick inmates are provided medical treatment in a timely manner.

12.     On June 26, 2007, at approximately 3:10 am John Lambert was discovered by Defendants Carter and Seals, lying unresponsive on the floor of his locked cell.

13.     Also present in the locked cell was John Lambert's cellmate, David Jamison.

14.     Stumpf, in charge of ensuring paramedics promptly responded to John Lambert's serious medical need, failed to ensure Cook County Department of Corrections Paramedics, acting in the scope of their employment with Dart, responded to treat John Lambert, the proximate cause of which was the serious injury and, ultimately, death of John Lambert.

15.     Chicago Fire Department Paramedics eventually transported John Lambert to St. Anthony's Hospital at 4:37 am.

16. At St. Anthony's Hospital, John Lambert "was treated for head trauma with a possible skull fracture and was considered to be in critical condition."

17. John Lambert was "transferred to Stroger Hospital at approximately 0700 hours."

18. At Stroger Hospital John Lambert underwent surgery for a "large epidural hematoma with a fracture to release pressure causing bleeding on the brain."

19. John Lambert died from his injuries later on July 8, 2008.

20. The Medical Examiner of Cook County conducted an autopsy on the remains of John Lambert on July 10, 2007 and found that the "Manner of Death" was "Homicide."

21. David Jamison, after not being initially charged with any crime, has now been charged with the first degree murder of John Lambert. This case is currently pending in the Circuit Court of Cook County.

22. As a direct and proximate result of the conduct of one or more Sheriff's employees, John Lambert, suffered a skull fracture, bleeding to his brain, and other injuries that resulted in severe brain damage and death.

23. Defendants Seals, Carter, and Stumpf and Dart knew, prior to the date of the incident, that Defendant Lambert was known to have violent tendencies toward white inmates, yet they did nothing to prevent a violent attack on John Lambert  As a direct and proximate result of the conduct of Defendants Seals, Carter, Stumpf, and Dart, John Lambert was consciously locked in a cell with a violent and habitual inmate who was known and notorious for disliking Caucasians.

24. After Jamison violently attacked John Lambert, while John Lambert's injuries were still medically treatable, Defendants Seals, Carter, and Stumpf, as well as other unnamed Sheriff's employees, knowingly denied medical treatment to John Lambert, the proximate result of which was severe brain damage, and ultimately, John Lambert's death.

25. The above injuries were completely preventable, both beforehand and after the attack. In addition to the direct actions of Defendants Seals, Carter, and Stumpf, John Lambert's death was the direct result of certain policies and procedures wherein inmates such as John Lambert are consciously put in serious danger to their health and welfare through the Sheriff's policy and procedure, de facto or otherwise, of failing to prevent imminent violent attacks on inmates, and thereafter, denying medical treatment to those inmates' serious and urgent medical needs, the result of which was the death of John Lambert.

**COUNT I- Denial of Due Process**
**(Plaintiff v. Defendants Seals, Carter and Stumpf)**

26. Plaintiff realleges the previous allegations

27. John Lambert, a pre-trial detainee housed in the Cook County Department of Corrections, an Illinois county jail, has a fundamental Fifth Amendment Due Process right, incorporated to the State and local municipalities through the Fourteenth Amendment, to be protected from personal and emotional injury from other pre-trial detainees.

28. Defendants Seals, Carter, and Stumpf had a duty, at all relevant times and dates, to give reasonable and adequate protection to John Lambert to ensure he was free from personal attacks on his person.

29. Defendants Seals, Carter, and Stumpf took the actions described above with the subjective knowledge that John Lambert was in excessive risk, and they acted with deliberate indifference to his health and safety. As a result of these actions, John Lambert was attacked by a detainee/cellmate, causing John Lambert serious injuries that caused his death. As a further result of these actions, the Plaintiff was denied medical treatment, the result of which was his serious personal injury and ultimately, his death.

 WHEREFORE, pursuant to 42 U.S.C.§ 1983, Kenneth Lambert, Independent Representative on behalf of the Estate of John Lambert, demands compensatory and punitive damages against Defendants Seals, Carter, and Stumpf, and any other individual eventually identified, plus costs of this action, attorney's fees and such other and additional relief as this court deems equitable and just.

## COUNT II- Monell Count Against Defendant Dart

30. Plaintiff realleges the previous allegations

31. John Lambert, a pre-trial detainee housed in the Cook County Department of Corrections, an Illinois county jail, has a fundamental Fifth Amendment Due Process right, incorporated to the State and local municipalities through the Fourteenth Amendment, to be protected from personal and emotional injury from other pre-trial detainees.

32. Defendant Dart, as the Cook County Sheriff, was required under the Constitution to give reasonable and adequate protection to John Lambert to ensure he was free from personal physical attack on his person, and also to be provided adequate medical care for his serious medical needs.

33. Defendant Dart was charged with promulgating directives, guidelines and procedure that address issues related to the housing of pretrial detainees.

34. Defendant Dart has a policy and/or practice of having in place policies and/or procedures that knowingly put pre-trial detainees such as John Lambert of serious medical risk, knowing there was a high likelihood these policies would ultimately lead to

the death of inmates such as John Lambert. As a result of these actions, John Lambert was attacked by his cell mate, causing John Lambert serious injuries, and further these policies led to John Lambert not being given the serious and imminent medical treatment he was entitled to obtain under the Constitution of the United States, the result of which was the Plaintiff's serious physical injuries and, ultimately, his death.

WHEREFORE, pursuant to 42 U.S.C.§ 1983, Kenneth Lambert, Independent Representative on behalf of the Estate of John Lambert, demands compensatory and damages against Defendant Dart, plus costs of this action, attorney's fees and such other and additional relief as this court deems equitable and just.

### Count III – Wrongful Death
### (Plaintiff v. Jamison)

35. On June 25, 2007, Defendant JAMISON committed a battery upon John Lambert, whereby causing serious head and bodily injuries.

36. As a direct and proximate result of the aforesaid intentional acts of Defendant JAMISON, John Lambert, suffered injuries that resulted in his death.

37. John Lambert, left surviving him, his father, Kenneth Lambert, his mother, Susan Lambert, his brother Kenneth Lambert Jr. and his sisters, Kristen Lambert, Heather Brenka, and Jennifer Lambert, each of who has suffered and will suffer damages of a personal and pecuniary nature, including the loss of society of John Lambert.

38. Kenneth Lambert, Independent Representative of the Estate of John Lambert, Deceased, brings this cause of action pursuant to the Illinois Wrongful Death Act, 750 ILCS 180/1 et seq.

WHEREFORE, Plaintiff Kenneth Lambert, Independent Representative of the Estate of John Lambert, Deceased, prays that judgment be entered against the Defendant, DAVID JAMISON, for an amount in excess of the jurisdictional limits of this Court.

### Count IV – Wrongful Death
### (Plaintiff v. Dart)

39. On June 25, 2007, Defendant Jamison committed a battery upon John Lambert, whereby causing serious head and bodily injuries.

40. As a direct and proximate result of the aforesaid willful and wanton acts of Defendant Dart, by and through one or more of his employees, acting within the scope and duties of his/her/their employment, John Lambert, suffered injuries that resulted in his death.

41. John Lambert, left surviving him, his father, Kenneth Lambert, his mother, Susan Lambert, his brother Kenneth Lambert Jr. and his sisters, Kristen Lambert, Heather

Brenka, and Jennifer Lambert, each of who has suffered and will suffer damages of a personal and pecuniary nature, including the loss of society of John Lambert.

42. Kenneth Lambert, Independent Representative of the Estate of John Lambert, Deceased, brings this cause of action pursuant to the Illinois Wrongful Death Act, 750 ILCS 180/1 et seq.

WHEREFORE, Plaintiff Kenneth Lambert, Independent Representative of the Estate of John Lambert, Deceased, prays that judgment be entered against the Defendant Dart, for an amount in excess of the jurisdictional limits of this Court.

### Count V – Indemnification
### (Plaintiff v. Cook County)

43. Defendants Seals, Carter, and Stumpf and any other unnamed employee who committed acts, were employed with Cook County Sheriff's Office at all times pertinent to this incident.

44. Defendant Dart is the successor to any actions taken when the Office was operated by former Sheriff Michael Sheahan.

45. Should Dart, Seals, Carter, Stumpf, or any other employee with the Cook County Sheriff's Office be found liable for his/her or their actions, then the County of Cook must indemnify such judgment or judgments.

WHEREFORE, Plaintiff Kenneth Lambert, Independent Representative of the Estate of John Lambert, Deceased, prays the County of Cook indemnify any judgments obtained by the Plaintiff against Defendants Seals, Carter, Stumpf, Dart, or any other unnamed employee who commits acts while employed with the Cook County Sheriff's Office.

**KENNETH LAMBERT, independent administrator on behalf of the Estate of JOHN LAMBERT DEMANDS a JURY TRIAL.**

                                        Respectfully Submitted,

                                        s/Richard Dvorak

                                        Richard Dvorak, An
                                        Attorney for the Plaintiff.

Richard Dvorak
DVORAK, TOPPEL & BARRIDO, LLC
200 S. Michigan Ave., Suite 1240
Chicago, IL 60605
(312) 663-9500 (phone)
(312) 663-9800 (fax)
richard_dvorak@civilrightsdefenders.com