**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH LAMBERT, Independent Administrator on behalf of the Estate of JOHN LAMBERT, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 08-cv-3613 |
| COUNTY OF COOK, DAVID JAMISON, C/O JOSHUA SEALS #8913, C/O KAHILIA CARTER #8928, C/SGT. MARGARET STUMPF #273, COOK COUNTY SHERIFF THOMAS DART, | ) ) ) ) ) ) | Hon. Sharon Johnson Coleman |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kenneth Lambert ("Plaintiff"), as Independent Administrator of the Estate of

John Lambert, filed his original complaint on June 24, 2008 pursuant to 42 U.S.C. § 1983 and

the Illinois Wrongful Death Act, 750 ILCS 180/1 *et. seq.* against all Defendants except

Defendant Cook County. Plaintiff's claims stem from an incident that occurred while the

decedent, John Lambert, was a pretrial detainee at the Cook County Department of Corrections

("CCDOC"). In the original complaint, Plaintiff named David Jamison ("Jamison"), also a

pretrial detainee, certain Cook County Correctional Officers, and the Cook County Sheriff as

Defendants. Plaintiff alleged the Cook County Correctional Officers and the Cook County

Sheriff violated the decedent's constitutional rights by failing to protect him from attack by

Jamison and then failing to provide the decedent with reasonable medical treatment following

the attack. The original complaint also alleged wrongful death claims against all of the then-named Defendants. The incident complained of occurred on or about June 25, 2007. The decedent was initially treated at St. Anthony's Hospital and then transferred to Stroger Hospital to undergo surgery. The decedent succumbed to his injuries several days later and died on July 8, 2007.

On July 1, 2010, Plaintiff filed his First Amended Complaint ("FAC") naming Cook County as a Defendant for the first time. Defendant Cook County now seeks dismissal of the FAC, pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging Plaintiff's claims are barred by the statute of limitations applicable to Section 1983 actions. For the reasons stated below, the Court grants Defendant Cook County's motion and dismisses, with prejudice, Defendant Cook County from the instant action.

## STANDARD OF REVIEW

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. County of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Pursuant to the federal notice pleading standard, a complaint need only provide a short and plain statement of the claim showing that the plaintiff is entitled to relief and sufficient to provide the defendant with fair notice of the claim and its basis. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). When evaluating the sufficiency of a complaint, a district court must construe the complaint in the light most favorable to the nonmoving party. *Id.* The Supreme Court has described the bar that a complaint must clear for purposes of Rule 12(b)(6) as follows: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). For a claim to have facial plausibility, a plaintiff must

plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As such, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## ANALYSIS

Although the statute of limitations is an affirmative defense to liability and so ordinarily must be pleaded and proved by the defendant, if it is plain from the complaint that the defense is indeed a bar to the suit, dismissal is proper without further pleading. *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383 (7th Cir. 2010). When the face of the complaint affirmatively indicates that the time limit for bringing the action has passed, the plaintiff "pleads itself out of court" and dismissal pursuant to Rule 12(b)(6) is appropriate. *In re marchFIRST*, 589 F.3d 901, 904-05 (7th Cir. 2009).

Defendant Cook County seeks dismissal because it was not named as a Defendant until after the statute of limitation on Plaintiff's Section 1983 claim expired. The statute of limitations for Section 1983 claims is determined by the statute of limitations for personal injury actions in the state where the incident that forms the basis of the claim occurred. *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000). A plaintiff in Illinois must pursue a personal injury action within two years from the accrual of the claim. *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009); 735 ILCS 5/13-202. An amended complaint which adds new parties after the two-year limitation period, is untimely and will be dismissed, unless it "relates back" to an earlier, timely-filed complaint pursuant to Fed. R. Civ. P. 15(c)(3). The Seventh Circuit has held that an amended complaint "relates back" to a timely-filed complaint only where "there has been an error made concerning the identity of the proper party *and* where the party is chargeable with knowledge of the mistake." *King,* 201 F.3d at 914 (emphasis added). Further, the mistake

requirement is independent from whether the new party knew that action would have been brought against him. *Id.*

The FAC naming Cook County as a Defendant was filed on July 1, 2010. (Dkt. No. 78.) The FAC alleged that the decedent was attacked in his cell by Jamison on June 25, 2007 (*id.* at ¶ 7) and was discovered by Defendant correctional officers on June 26, 2007 (*id.* at ¶ 12). Accordingly, the statute of limitations for Plaintiff's 1983 claims expired as of June 26, 2009. Plaintiff did not file the FAC until July 1, 2010, more than one year after the limitation period expired. In response to Cook County's motion to dismiss, Plaintiff does not allege that he mistakenly sued the wrong party, but instead argues that Cook County is a necessary party that must be joined pursuant to Fed. R. Civ. P. 19. (Dkt. 86 p. 2.) Plaintiff relies upon *Askew v. Sheriff of Cook County*, 568 F.3d 632, 635 (7th Cir. 2009), which held that the district court erred when it dismissed an action pursuant to Rule 19 for failure to name Cook County in an action where the Cook County Sheriff was named a defendant.[1] The court in *Askew* did not, however, consider whether an amendment adding Cook County as a party after the statute of limitation had run would "relate back" to the date of the original timely-filed complaint. Plaintiff cannot rely upon *Askew* to circumvent both the mistake requirement under Rule 15(c)(3) necessary for the FAC to "relate back" and the statute of limitations provisions applicable to Section 1983 claims.

Plaintiff has not established that the FAC "relates back" to the original complaint, which was timely-filed on June 24, 2008. Plaintiff's response does not allege that he mistakenly sued the wrong party or that Cook County was on notice of the original complaint. The FAC was

---

[1]The Seventh Circuit previously held that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer." *Carver v. Sheriff of LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003).

filed after the limitations period expired and does not satisfy the requirements to "relate back" to the original complaint under Rule 15(c)(3).  Therefore, Plaintiff's Section 1983 claims against Cook County were untimely filed and are dismissed by this Court with prejudice.

## **CONCLUSION**

For the above reasons, the Court GRANTS Defendant Cook County's motion to dismiss.


IT IS SO ORDERED.

_____          _____

October 22, 2010

Dated                                    Hon. Sharon Johnson Coleman
                                         United States District Court